UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FRANKLIN MALDANADO,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | Jury Demand |

THE CITY OF NEW YORK, HORIZON JUVENILE
CENTER, ADMINISTRATION FOR CHILDREN
SERVICES, TOUR COMMANDER "JOHN" IKE,
NATALIE MEDFORD, MS. "JANE" CLARKE,
MS. "JANE" ESTRELLA, MS. "JANE" MARTIN,
MS. MICHELLE HALL, JOHN[1] DOES 1-3,

Defendants.
------------------------------------------------------------------------x

Plaintiff FRANKLIN MALDANADO by and through his attorneys, Vik
Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages
and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of his
civil rights, as secured by statutes and the Constitution of the State of New York and the
United States.

**JURISDICTION**

2.      The action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and
the First, and Eighth Amendments to the United States and New York Constitutions and
under New York state laws.

---

[1] "JOHN" does not necessarily mean that the yet to be identified defendants are males.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of Bronx and City and State of New York.  Plaintiff's date of birth is September 16, 1998[2].

7.      Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.  Defendants Horizon Juvenile Center located at 560 Brook Avenue, Bronx, New York 10455 ("Horizon") and Administration of Children Services ("ACS") are entities who operate under the auspices of defendant City.

8.      Defendants Natalie Medford, Ms. "Jane" Clarke ("Clarke"), Ms. "Jane" Estrella ("Estrella"), "John" Martin ("Martin"), Ms. Michelle Hall ("Hall"), "John" Tour Commander Ike, John and Jane Does 1-3 are or were employed by the City through

---

[2] The date of birth is relevant insofar as it tolls the statute of limitations and to show that plaintiff was a minor at the time his constitutionally protected rights were violated.

Horizon and ACS and acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9.    In the years 2013-2014, plaintiff was housed inside of Horizon, a prison-like facility designed by the City for the ACS and Horizon to house juvenile inmates such as plaintiff.

10.    During his stay at Horizon, plaintiff was sexually assaulted, physically and mentally abused by the individual defendants as outlined in this complaint.

11.    While confined at Horizon, individuals like Plaintiff were regularly groomed by individuals like defendant Medford to be their personal sex slave at Horizon.

12.    Medford who was a supervisor at the juvenile facility informed plaintiff that if plaintiff "took care of her needs", she would make sure that plaintiff did not face any disciplinary actions and enjoy special privileges such as use of her cell-phone to make personal calls, watch special movies and be given candy and extra food while at Horizon.

13.    Medford is estimated to have been in her mid-forties during the time of these incidents.

14.    Medford engaged in sexual contact with plaintiff on at least 3 or maybe 4 occasions between 2013 and 2014 and numerous other affectionate conduct such as kissing, holding hands and caressing his back.

15.    Individual defendants Ike, Medford and Estrella's duties at Horizon included but not limited to counseling plaintiff and other juveniles similarly situated so as

to help them with their future goals and guide them towards a productive life outside of the penal system.

16.    Plaintiff and other juvenile inmates looked to the individual defendants Ike, Medford and Estrella for guidance as well as being their caretaker and as such placed their trust in them.

17.    The individual Defendants (Medford and Estrella) were to counsel plaintiff and other juvenile inmates and develop a good relationship with them.

18.    In establishing trust and gaining their confidence, defendants Medford and Estrella groomed plaintiff and other juveniles similarly situated[3] for the purpose of gratifying their own sexual needs and desire.

19.    Defendants also purchased and dispensed alcoholic beverages to plaintiff and other juvenile inmates and encouraged them to become intoxicated and then physically, sexually and mentally abused them.  Defendant Ike was aware of this because he would tell plaintiff that Medford and the "other female guards" engage in this type of sexual conduct regularly at Horizon.

20.    While defendant Estrella groomed another juvenile inmate for her sexual desires, defendant Medford preyed on plaintiff.  Prior to engaging in sexual activity with, Medford (in her role as a supervisor) would direct other defendants (including subordinates and supervisors) and order other juvenile inmates to leave the area where plaintiff's cell unit was located.

21.    Defendant Medford would approach plaintiff who was alone in his cell unit and physically unable to stop defendant's advances.

---

[3] Because of their status as minors, Plaintiff is withholding names of the other minor inmates who were similarly abused by defendants as outlined in this complaint

22.    On several occasions, defendant Medford performed oral sex on the plaintiff and threatened him by saying, "If you say something, I will get you in a lot of trouble, but, if you don't say anything, I'll take care of you."

23.    On other occasions, Defendant Medford released plaintiff out of "the hole" (segregated unit created for purposes of punishment) and bring him into her office for the purposes of engaging in sexual contact with him.

24.    Defendant Ike and yet to be named defendants were fully aware that the above-described events took place because it was done in their presence and they were complicit in defendant Medford's actions.  Defendant Ike and others also knew that this was "business as usual" when it came to juvenile male inmates and female guards.

25.    Medford would, in the presence of "John" Ike defendant and other named and yet to be identified supervisors, and other employees would escort plaintiff from his cell and bring him into her office for the purpose of having sexual intercourse with him.

26.    After the sexual encounters were completed, plaintiff was permitted to leave the defendant's office and he would routinely encounter the other defendants, who would tell him "good job" and that plaintiff was a "special kid" and "be honest, you like her? And you like doing it, don't you?".

27.    Plaintiff was sexual assaulted by defendant Medford on at least three to four occasions. The supplying of alcohol to plaintiff and other juvenile inmates by the defendants was a common practice and custom which the tour commander and other supervisors and sub-ordinates were fully aware of.

## AS AND FOR A FIRST CAUSE OF ACTION
(Cruel and Unusual Punishment)

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29.     Defendant Medford used and abused plaintiff for her own personal gratifications.

30.     Defendant Medford had the intent to abuse plaintiff because she took measures to ensure that plaintiff was supplied alcohol, made sure that she and plaintiff had a private room or area when Medford wished to engage in sexual contact with plaintiff.

31.     Defendant Medford's conduct was serious and served no penological purpose and was done solely to gratify herself and to dominate plaintiff with her powers as a penal custodian.

32.     Defendant Medford's conduct was "repugnant to the conscience of mankind" and caused serious physical and emotional injuries to plaintiff.

33.     As a result of the foregoing plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment was violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene)

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35.     The individual Defendants who are both supervisors and workers at Horizon where plaintiff was housed, observed the continuing abuse by Medford of plaintiff.   The defendants had an affirmative duty to intervene in an effort to protect

plaintiff from violations of his constitutional rights and injuries to his body and mind as detailed in the foregoing paragraphs. Defendants Ike, Estrella, Clarke, Martin and Hall knew that plaintiff was given special treatment and would refer plaintiff to as "special kid" and would allow him to watch movies, use their cellphones to make personal phone calls and provide him with candy and food not available to other juvenile inmates.

36. These Defendants knew of and observed the unlawful conduct described in the foregoing paragraphs (including sexual abuse and giving alcoholic beverages to plaintiff and other juvenile inmates) and had an opportunity to intervene during these unlawful and repugnant acts but failed to intervene nor did they notify other supervisors or authorities about the misconduct. Instead, they turned a blind-eye to the abuse and in fact enabled it by giving special privileges to plaintiff and other juveniles like plaintiff. As a result, plaintiff continued to suffer constitutional injuries as described in the foregoing paragraphs on the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Defendants Ike and Estrella and John Doe 1-3 were supervisors or tour-commanders employed by defendant City at all times alleged in the complaint. As such, these defendants were responsible for the supervision of defendant Medford and other subordinates at Horizon. Defendants Ike and Estrella would jokingly tell plaintiff that he "was special kid" and "you have to be honest, you know you liked it," in referring to sexual contact between plaintiff and Medford. Defendant Ike and Estrella would also tell plaintiff that they knew Medford had a history of grooming juvenile inmates like plaintiff

7

and this was not an isolated incident.

39.     Defendants Ike and Estrella and John Doe 1-3 participated in violating plaintiff's constitutional rights by being deliberately indifferent to plaintiff's safety, well-being and welfare and by not preventing Medford from preying upon minors like plaintiff who were being sexually violated by Medford and Estrella and retaliated against him when he refused her advances.

40.     Defendants Estrella, Ike and John Doe 1-3 were aware of the serious nature of Medford's actions upon plaintiff but failed to take any corrective actions.

41.     Defendants Estrella, Ike and John Doe 1-3 further failed to intervene and prevent the ongoing abuse and assault on plaintiff after becoming aware that plaintiff was being abused and exploited by Medford.  These supervisors were grossly negligent in supervising defendant Medford and protecting plaintiff.

42.     Defendants Estrella, Ike and John Doe 1-3 were further deliberately indifferent to plaintiff's welfare because they failed and refused to report Medford's prior misconduct and unlawful behavior or take any remedial steps, or preventive measures and as such were complicit in Medford's continued abuse of plaintiff thus prolonging and enhancing the injuries suffered by the minor plaintiff.

43.     As a result of the foregoing, defendants Ike, Estrella and John Doe 1-3 are liable under the theory of supervisory liability because their actions or lack thereof caused and continue to cause plaintiff constitutional injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45.     Defendants targeted plaintiff and other juvenile inmates for the purpose of sexually abusing and exploiting them and in so doing the defendants conspired with each other to deprive plaintiff and others similarly situated of their civil rights under the laws.

46.     The individual defendants knew that plaintiff and others similarly situated were vulnerable while in the custody of Horizon and that at such times they were susceptible to abuse by the defendants.

47.     The individual defendants took advantage of plaintiff and others similarly situated by sexually abusing them, giving them alcohol and promising plaintiff and other juvenile inmates that the defendants would protect plaintiff and the other juvenile inmates from any disciplinary actions and they would not be retaliated against if they simply succumbed to defendants' predatory acts.

48.     The individual defendants conspired with one another to hide and keep secret each other's misconduct and failed to take any corrective measures or to inform the proper authorities.  These defendants reached an explicit and implicit agreement between themselves and to sweep and keep the repugnant acts described herein "under the carpet."

49.     The individual defendants had a vested interest in the cover-up of their violations and the ensuing conspiracy because they were aware of and had engaged in unlawful conduct and it would subject them to perjury, prosecution, and disciplinary action.

50.     In addition, because of their rank, status and vested interests, the intra-corporate conspiracy doctrine of immunity is inapplicable to them.

51.     As a result, plaintiff suffered constitutional injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Retaliation)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.     At the time of the incidents described in this complaint, plaintiff was 14-15 years old.

54.     Plaintiff did not want to have any sexual contact with Medford.

55.     Plaintiff told Medford that he did not want to engage in such conduct.

56.     However, Medford would retaliate against plaintiff by stating that plaintiff broke rules and regulations inside Horizon and would write him up for infractions and take away the benefits that he enjoyed such as using employees' cell phones to make private and personal phone calls, allowing him to watch movies and given candy and other items that were not given to other juvenile inmates.

57.     When plaintiff went to the other supervisors/tour-commanders they would ignore his complaints, tell him there were no policy set in place to report such misconduct and further punish him for voicing his complaints by infracting him.

58.     Plaintiff engaged in protected conduct.

59.     Medford and the other defendants retaliated against plaintiff for engaging in protected conduct.

60.     As a result, plaintiff's rights under the First Amendment were violated and he suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability-*Monell*)

61.     Plaintiff repeats, reiterates and realleges each and every allegation

contained in the foregoing paragraphs as if fully set forth herein.

62.     Plaintiff contends that the City through the ACS and Horizon has engaged in conduct that constituted a custom, or practice of the respective municipality/authority, which is forbidden by the Constitution of the United States and because the City was deliberately indifferent to the rights of individuals like plaintiff. The City is aware that an individual worker at ACS/Horizon would encounter a given situation like the one described in the complaint and would be forced to make a difficult choice of whether to report the incident or simply turn a blind eye to the incident as alleged in plaintiff's complaint. However, even though the City is aware that such an encounter or situation would be faced by an ACS/Horizon employee, the City has been deliberately indifferent in failing to set measures into place to avoid wrongful choice/conduct that results in violation of the constitutional rights of individuals like plaintiff. Despite being aware of these widespread actions by employees of ACS/Horizon (as alleged in the foregoing and following paragraphs) which have become a *de facto* policy with the full force of the law, the City failed to address them and that failure to train has constituted deliberate indifference and caused plaintiff injuries because the City incorrectly assumes that its employees would exercise common sense even though they have not been trained to confront and adequately address the situations outlined in this complaint.

63.     Defendant City has failed to take any action to have training in place for the individuals such as the defendants on how to deal with situations as outlined in this complaint. This lack of action and formal training by the City has led the individual defendants to be ill-equipped to adequately address the conditions faced by plaintiffs and other juveniles similarly situated and thus resulting in their constitutional violations.

64.     The inadequacy or lack of training by the City for its ACS/Horizon employees has directly caused the injuries to plaintiff.

65.     In addition, the City's failure to enact a policy or training program that would hold individuals working at ACS/Horizon accountable for their actions or inactions has caused individuals like plaintiff to be physically, mentally and sexually abused by their counselors and the supervisors who turn a blind eye to the unlawful and despicable conduct.   The incidents complained of by plaintiff are not isolated but a pattern and custom that is widespread at Horizon.   Plaintiff was sexually assaulted at least 3-4 times, defendant Estrella engaged in sexual encounters with inmates on numerous occasions and other former inmates were also sexually preyed on by Medford.

66.     This lack of accountability further empowers individuals like defendants to continue to engage in unlawful conduct knowing that they would walk away with impunity while at the same time causing constitutional injuries to individuals like plaintiff.   Because of the lack of training on the law through employee handbooks, memos, and other training materials, the City has been deliberately indifferent to the rights of individuals like plaintiff.

67.     Additionally, the City did not implement a policy in place where individuals like plaintiff could voice their grievances and complaints.   The City should have been aware that prisoner abuse in its jail system is rampant and that there is a need for the City to set up programs so that inmates (especially juveniles) have an opportunity to make a complaint against the prison custodians who have power and control over them.   However, the City failed to enact any of such programs or policies and as a result, individuals like plaintiff's voices were unheard and they continued to suffer harm.

68.     Due to the City's policies, the custom and practice or the lack of the City to implement (a) meaningful training materials, (b) adequate disciplinary measures, (c) additional supervision, (d) adequate hiring and retention procedures, (e) complaint/grievance procedure when such implementation has been clearly warranted, and an utter disregard to the Constitution, the City has been deliberately indifferent to the rights of its citizens like plaintiff. The foregoing failure to act or disregard a known occurrence that needed to be rectified, the City instead turned a blind-eye to these unconstitutional practices and was the proximate cause of the injuries suffered by plaintiff.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount One Million Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       August 29, 2017

                              Vik Pawar, Esq.
                              20 Vesey Street, Suite 1210
                              New York, New York 10007
                              (212) 571-0805

                              By: _____
                                  Vik Pawar (VP9101)
                                  Robert Blossner (RB0526)
                                  *Attorneys for Plaintiff*