UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Franklyn Maldanado,

        Plaintiff,

—v—

City of New York et al.,

        Defendants.

17-cv-6618 (AJN)

MEMORANDUM
OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

The Plaintiff, Franklyn Maldanado, initiated this action on August 30, 2017, alleging that he was abused while he was detained at the Horizons Juvenile Center, including sexual abuse by a defendant listed at "Natalie Medford."[1] Complaint, Dkt. No. 1, at 1, 3; *see also* Amended Complaint, Dkt. No. 9, at 1, 4-5. On May 4, 2018, Defendant Medford filed an *ex parte* request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) and stay proceedings pending resolution of any criminal prosecution of Defendant Medford. *See* Dkt. No. 57. In the request, Defendant Medford argued that the Bronx District Attorney's office had been investigating allegations of the Defendant's alleged sexual abuse of the Plaintiff since at least December 20, 2017. *See* Affirmation in Support of Order to Show Cause ("Affirmation"), Dkt. No. 57, ¶¶ 14-17; *see also* Dkt. No. 57-1 (email exchange between Defendant's counsel and the Supervising Assistant District Attorney for Bronx County). The Court concluded that Defendant

---

[1] There is some confusion throughout the filings in this case about the proper spelling of Defendant Medford's name. The Complaint and Amended Complaint identify as a defendant "Natalie Medford." Likewise, the Answer in this case filed by Defendant Medford on behalf all Defendants spells her first name "Natalie." *See* Answer, Dkt. No. 20, at 1. However, throughout the present motion and supporting papers filed by the Defendant, she is identified as Nathalie Medford. *See* Dkt. Nos. 57, 66. The parties do not contest that the Amended Complaint, Answer, and present motion all refer to Defendant Medford notwithstanding these alternative spellings.

1

Medford's request should not be *ex parte* and set a briefing schedule on the merits of the Defendant's request. Dkt. No. 56. The Court further ordered that Defendant Medford not be deposed until the request had been resolved, which prevented the Plaintiff from deposing the Defendant on May 8, 2018, according to the parties' previous agreement in this case. Dkt. No. 56. For the reasons articulated below, the Defendant's motion is denied.

## I. Legal Standard

"A district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). When deciding whether to stay civil proceedings pending imminent criminal proceedings, courts of this Circuit consider six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* at 99 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The party seeking a stay "bears the burden of establishing its need." *Id.* at 97 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

## II. Discussion

The Court concludes that Defendant Medford has not met her burden of establishing the need to stay discovery in this civil matter pending resolution of any forthcoming criminal case against her. In particular, because Defendant Medford has not yet been indicted, the Court concludes that the balance of factors weighs against imposing a stay.

"Courts in this district have generally refused to stay a civil proceeding where the defendant has not been indicted but is under criminal investigation." *Abraham v. Aquilone*, No.

11-cv-5947 (KBF), 2012 WL 1820869, at *2 (S.D.N.Y. May 15, 2012) (quoting *In re Worldcom, Inc. Sec. Litig.*, No. 02-cv-3288 (DLC), 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)). Whether the defendant has been indicted has been described as "the most important factor" to be considered in the balance of factors, and where the defendant has not yet been indicted, the factor "tips strongly in Plaintiff's favor and provides sufficient grounds, standing alone, to deny the request for a stay." *Karimona Investments, LLC v. Weinreb*, No. 02-cv-1792 (WHP) (THK), 2003 WL 941404, at *3 (S.D.N.Y. Mar. 7, 2003); *see also Citibank, N.A. v. Hakim*, No. 92-cv-6233 (MBM), 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993) ("Although defendant Hakim allegedly is a target of a continuing grand jury investigation, he does not claim to have been indicted. Accordingly, Hakim's pre-indictment motion to stay can be denied on this ground alone."). Thus, the "key question" for courts to consider "is whether the criminal proceedings have substantially progressed beyond the investigatory stage to the filing of formal charges against a particular defendant, so that there is an imminent likelihood that the defendant will be subject to a criminal proceeding, including a trial, in the very near future." *In re 650 Fifth Avenue*, No. 08-cv-10934 (RJH), 2011 WL 3586169, at *3 (S.D.N.Y. Aug. 12, 2011) (citation omitted).

There are several rationales for not staying civil discovery when the related criminal case is still in the investigatory stages. First, "it is inherently unclear to the Court just how much the unindicted defendant really has to fear." *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). As a result, the court considering the request cannot conclude with any degree of certainty that there is a significant burden on the defendant in proceeding in the civil case. Second, "the delay imposed on the plaintiff is potentially indefinite." *Id.* This is because the court cannot know "how complicated the government's

3

investigation may be, whether the allegations of the particular civil plaintiff are merely the tip of an iceberg that will result in a lengthy and open-ended investigation, what priority the government assigns to the investigation, whether it will result in charges that will have to be litigated, or how time-consuming the resulting criminal case will be." *Id.* As a result, before an indictment has been issued against the defendant, the potential prejudice to the plaintiff in the form of indefinitely delaying civil proceedings is great, and "plaintiffs' interest in proceeding expeditiously with [civil] litigation outweighs the speculative and uncertain risks to defendant's interests." *Abraham*, 2012 WL 1820869, at *2. In contrast, once an indictment has been issued, "the likelihood that a defendant may make incriminating statements is greatest," and "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139.

In the present case, Defendant Medford alleges only that there is a criminal investigation being undertaken by the Bronx County District Attorney's office. Affirmation ¶¶ 14-17. She does not allege that she has been indicted, and in fact she does not even allege that the District Attorney has issued grand jury subpoenas or taken other steps suggesting that an indictment is likely forthcoming in the near future. As a result, the Court concludes that the Plaintiff's interest in expeditiously resolving his civil case outweighs the speculative risk that Defendant Medford may be indicted at some time in the future for the same conduct and thus must now choose whether to incriminate herself or whether to refuse to fully participate in discovery. The Plaintiff's interest is especially "pronounced" here because "[t]his case has been pending for eight months." *Sterling Nat'l Bank*, 175 F. Supp. 2d at 579. Moreover, "this is not a case in which the government itself has an opportunity to escalate the pressure on defendants by

manipulating simultaneous civil and criminal proceedings, both of which it controls." *Id.* at 578-79. As a result, the lack of an indictment in any criminal proceedings, the Plaintiff's interest in proceeding expeditiously and possible prejudice if a stay is granted, and the speculative nature of any burden on the Defendant all support the conclusion that it would be improper to stay the remaining discovery in this case pending resolution of any criminal proceedings against Defendant Medford.

## III. Conclusion

Defendant Medford's request for a protective order and stay of discovery in this case is denied. This resolves docket number 57, and the Court's prior stay of the deposition of Defendant Medford, *see* Dkt. No. 56, is lifted. Within two weeks of the filing of this order, the parties shall submit a revised plan to the Court for the completion of the remaining discovery.

SO ORDERED.

Dated: June 1, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

5