# KREISBERG & MAITLAND, LLP
### ATTORNEYS AT LAW
### 75 MAIDEN LANE
### NEW YORK, NEW YORK 10038
### (212) 629-4970
### FACSIMILE (212) 268-0544



January 7, 2019

**By ECF**
Hon. Alison J. Nathan
United States District Judge
Southern District of New York

        Re: Maldonado v. The City of New York, et. al., 17-CV-6618 (AJN)(OTW)
            Smith v. The City of New York, et. al., 18-CV-4495 (NRB)

Dear Judge Nathan,

      We represent defendant Kamel Branham (Smith v. City), sued as "John Breyham" in Maldonado v. City.

      Defendant Branham objects to plaintiff's January 4, 2019 fully redacted and so effectively ex parte application for a stay. Counsel for defendant Medford and the Municipal Defendants fully join in this application.

      As a procedural matter, plaintiff has failed to provide the defendants with any grounds for a stay nor has he cited any statute, rule or case law establishing any basis for a stay. I urged plaintiff's counsel not to file a redacted statement but, rather, to file under seal or request a conference with the court, obviously to no avail.

      Maldonado was filed on August 30, 2017. Under the first case management plan, fact discovery was to have closed by June 4, 2018. Plaintiff Maldonado deposed only defendant Medford, and plaintiff's counsel has long stymied meaningful discovery including depositions of either plaintiff. Expert discovery was due in Maldonado by July 19, 2018 but plaintiff has offered none beyond identifying an expert. He has refused to sign HIPAA releases. The Maldonado fact discovery deadline was reset to September 14, 2018, with expert discovery due by October 29, 2018. Plaintiff has still taken no other depositions, has declined to be deposed and has made no expert discovery.

## KREISBERG & MAITLAND, LLP



The instant application came on the heels of my refusing plaintiffs' request for consent to a stay, allegedly sought at the behest of the United States Attorney, to freeze these cases while alleged civil rights violations were considered. Yet when I spoke with a representative of that office on January 4, 2019, explaining why I opposed a stay, I was told that the government had not yet decided whether to seek a stay.

Neither Complaint herein makes any factual allegations directed individually toward defendant Branham; yet, our client has been sidelined at work, left to languish with no job duties for well more than a year, due to these cases.

Defendant Branham and the Municipal Defendants seek to depose both plaintiffs and to pursue summary judgment motions. The proposed stay would leave us more than two years into litigation without having had the opportunity to explore either plaintiff's claims or to examine plaintiff Maldonado's basis for suing long after having repeatedly denied under oath that he ever had any sexual contact with defendant Medford.

These actions should have been filed as related cases. Plaintiff chose to ignore court rules and so made no statement of relatedness when filing suit. When defense counsel did so (Document No. 104 and 106), plaintiff opposed consolidation (Document No. 105). When defendant Medford sought a stay (Document No. 54), plaintiff successfully opposed it (Document No. 62, 64 and 67). Now plaintiff has reversed his stance and seeks consolidation (Document No. 113) and a stay (Document No. 116), apparently for purely tactical reasons.

The application for a stay should be denied or, in the alternative, plaintiff should be directed to make an application to which all defendants can respond on the merits.

Respectfully submitted,

Kreisberg & Maitland, LLP
Attorneys for Defendant
Kamel Branham
75 Maiden Lane, Suite 603
New York, NY 10038

By: _____
Gary Maitland

cc: **Via ECF**
  Hon. Naomi Riece Buchwald
  United States District Judge

# Kreisberg & Maitland, LLP



Hon. Ona T. Wang
United States Magistrate Judge

Vic Pawar, Esq.
 Attorney for Plaintiffs

Carolyn Kruk, Esq.
Attorney for Municipal Defendants

Daniel Walters, Esq.
Attorney for Defendant Medford